No. 335

GEORGE v. CLEVE. TRUST CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Oct. 25, 1926

957. PROBATE COURT—In applications of foreign guardian under 11009 GC. and for trusteeship under 11014 GC. the probate court may at its discretion, for the best interest of the lunatic, grant the application of the trustee and deny the application of the foreign guardian.

First Publication of this Opinion

LEVINE, P. J.

Error proceedings are prosecuted to this court from the decision of the Cuyahoga Common Pleas, wherein the judgments of the Cuyahoga Probate Court were affirmed.

Two applications were filed in the Cuyahoga Probate as follows: On Nov. 16, 1923, the Cleveland Trust Co. filed an application for letters of trusteeship over one Coit E. Beilstein, adjudged an insane person by the Suffolk Probate Court of Massachusetts. On Dec. 5, 1923, an application was filed by John T. George, the foreign guardian of Beilstein, for authority to possess, manage and disnos⁻ the real and personal estate of Beilstein, ˙ ated in Ohio.

The application of trusteeship of the Trus. Co. was made under Sec. 11014 GC. which provides, "When a minor, idiot - - - residing out of the state, has real estate - - - the probate court - - - may appoint a trustee of such minor, idiot - - - to take care of his property."

The application of the foreign guardian was made under Sec. 11009 GC., which provides that a froeign guardian may be appointed after complying with certain requirements which include an authenticated copy of the foreign commission of idiocy, that same still continues and that a bond shall be filed. All provisions were met in accordance with the statute.

It is the contention of George that when a foreign guardian complies with the provisions of Sec. 11009 GC. the court is without discretion and must grant the application. The Court of Appeals held:

1. "Compliance by a foreign guardian with the provisions of the Code, is necessary to entitle him to demand or receive money belonging to his ward in the hands of an executor or administrator in this state; and the probate court may, in its discretion, refuse to make an order for the payment if satisfied it will be detrimental to the interests of the ward." Banning, Ex. v. Gotshall, Admr. 62 OS. 210.

2. And since whatever priveleges are granted in that respect in another state or county are conferred merely as a matter of comity, it necessarily follows that their existence and enjoyment must be made subject to such regulations and conditions as the state or county, in which the property is located, may deem just and proper to impose.

3. Whatever limits are imposed by law upon domestic guardians, of lunatics, must of necessity be imposed upon foreign guardians of lunatics, for the latter's power must be measured by the former's authority.

4. We can see no logical distinction between the case cited and the case at bar, and the Probate Court is vested with the discretion to consider the best interests of the ward.

Judgment affirmed.

(Sullivan & Vickery, JJ., concur.)

Attorneys—C. W. Collister, N. B. Madden, Dan B. Cull, Jas. F Walsh for George; Sawyer, Cummings, Mook & Strong, Wm. H. McLellan, Jr., for Trust Co.; all of Cleveland.